CRAWLEY, Judge,
dissenting.
I believe that Ala.Code 1975, § 26-17A-1 is unconstitutional. See K.M. v. G.H., 678 So.2d 1084, 1089 (Ala.Civ.App.1995) (Craw-ley, J., dissenting). I also believe that E.W. would not have been entitled to relief under Rule 60(b) — had he filed a Rule 60(b) motion — because he was not diligent about protecting his rights. Although Judge Monroe states that E.W. “recently became aware that he might not be the father,” the record shows that as early as 1989, E.W. had reason to believe that he was not the father of the child.
I strongly disagree with the following statement in Judge Monroe’s opinion: “[E]q-uity justifies allowing [E.W.] to assert nonpa-ternity as a defense.” The time to have asserted nonpaternity as a defense was 12 years earlier when the first action was begun. E.W. did not challenge the outcome of that action, so the issue of paternity is res judicata. The principles of equity, like the principles underlying Rule 60(b), will not help a party who is not diligent about asserting his own rights.
“The doctrine of res judicata serves vital public interests beyond any individual judge’s ad hoc determination of the equities in a particular case. There is simply ‘no principle of law or equity which sanctions the rejection ... of the salutary principle of res judicata.’ ”
Federated Dep’t Stores, Inc. v. Moitie, 452 U.S. 394, 400, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981).